## ROBINSON VS. DALE.

GUARANTY. (1) *Burden of proof, to show discharge from.* (2) *When not discharged by note given by principal debtor.* (3) *Note extending payment without guarantor's consent, a discharge.* (4) *Delivery by debtor of order on third person a sufficient consideration for extension.* (5) *When guarantor not discharged by oral agreement between creditor and debtor for time.*

1. In an action upon defendant's guaranty of the fulfillment by X. of his contract with plaintiff, the defense being that an arrangement whereby plaintiff received from X. certain notes and an order for property, was intended to discharge defendant as guarantor, the *burden of proof* was upon defendant to show such discharge. And upon the evidence, this court (differing from the court below) holds that the defendant failed to establish satisfactorily such defense.

2. Where the principal debtor, after his debt became due, gave plaintiff a note for the amount, at ten days from date, but antedated it so that it matured, by its terms, before the maturity of the original debt, there was no extension of credit or suspension of the remedy on the original debt, and the guarantor was not discharged.

3. But where, as to a part of the debt, a note was given by which the time of payment was extended without the guarantor's consent, the latter was discharged *pro tanto.*

4. A delivery by the debtor to his creditor of an order upon a third person for property of the debtor in his hands, is a sufficient *consideration* for an agreement then made to extend the time of the debt.

5. A previous or contemporaneous oral agreement between plaintiff and the principal debtor, by the terms of which the former was to give the latter a longer time for making his payments than is stipulated in their written contract, being invalid as against such contract, does not discharge the guarantor.

APPEAL from the Circuit Court for *Winnebago* County.

The plaintiff entered into two contracts with R. S. Dale, to furnish the latter with sewing machines to sell as a sub-agent, and *H. B. Dale* executed a guaranty (attached to these contracts) that R. S. Dale would "perform his part of the contract in each and every particular." This action was brought against *H. B. Dale*, as guarantor, to recover a balance claimed

to be due from R. S. Dale for machines furnished under the contracts.

*Robinson* testified that about April 1, 1873, he had a settlement with R. S. Dale, and received from him two notes made by the latter, one dated January 1, 1873, for $456, payable ten days after date; the other dated April 1, 1873, for $300, payable thirty days after date; that the notes were given on a general settlement, divided up into two amounts; that he also received at some time, from R. S. Dale, a written order upon his agent, one Nash, in Manitowoc, for machines and leases of machines; that he got two machines on this order; that he gave R. S. Dale credit for the notes and for the machines all at the same time.

R. S. Dale, for defendant, testified that after the making of the first contract with *Robinson*, they had a verbal agreement extending the time of payment for the machines; that the two notes testified to by *Robinson* were given by witness to *Robinson* to balance all accounts between them, and in full of all demands, and that it was at *Robinson's* suggestion that one note was antedated; that he told *Robinson* in April that he would give him these notes if he would not trouble his (Dale's) bondsman.

The defendant testified that he had no knowledge of plaintiff and R. S. Dale making any extension of time for payment.

The court found as facts, *inter alia*, that plaintiff received the two notes, April 1, 1873, and the order upon Nash, in full settlement and discharge of the two contracts and the guaranty, releasing the guarantor from all liability thereon; and that plaintiff, without defendant's knowledge, had extended the time of payment after the execution of the guaranty. Judgment for defendant, dismissing the complaint, and for costs; from which plaintiff appealed.

*Geo. W. Burnell*, for appellant, contended that the finding of the court should have been that the notes were taken as collateral to the indebtedness, and that defendant was therefore

liable. The taking of a promissory note of the debtor is no payment, unless expressly so agreed. *Paine v. Voorhees*, 26 Wis., 522. When a note is given for a preexisting indebtedness, the presumption is that it is given and taken as collateral only to that indebtedness, though this presumption may be overcome by proof that it was taken in payment.

*Felker & Cleveland*, contra, argued that by the agreement made on taking the new notes, plaintiff disabled himself from bringing suit upon the original contracts until the notes matured. If his remedy upon these original contracts was thereby suspended, though but for a moment, then the surety was discharged. *Fox v. Parker*, 44 Barb., 542, *Blunt v. Walker*, 11 Wis., 350, and *Palmer v. Yager*, 20 id., 98, clearly lay down the law as to the extinguishment of old debts by new contracts. *Paine v. Voorhees*, 26 Wis., 522, has no bearing upon this case, the facts being entirely different.

COLE, J. In this case the circuit court found as facts established by the evidence, that the two notes executed and delivered April 1, 1873, and the order upon Nash, were accepted and received by the plaintiff in full satisfaction and discharge of the contracts upon which the action was founded, and that the intention was by this arrangment to release the guarantor from all liability on his guaranties. We are unable to reach any such conclusion upon the evidence. It is true, Royal S. Dale testifies, in substance, that such was the understanding, and that the notes were given and received in discharge of all liabilities by himself or surety on the sewing machine contracts. But the plaintiff flatly contradicts this testimony, and denies that he agreed to receive the notes in satisfaction of all claims on those contracts, or that the understanding between them was that the surety should be released. This is really the state of the proof, so far as the direct evidence bearing upon the alleged agreement is concerned. And if we look at the transaction in the light of surrounding circumstances, we think

the probabilities are that no such agreement was made. We shall not, however, dwell upon the circumstances which incline our minds to this conclusion, but will content ourselves with the remark that it was incumbent on the defendant to show by satisfactory evidence that the two notes and order were received in full payment of all claims upon the contracts, and in discharge of the surety on his undertakings; and this affirmative defense he has not established. *Paine v. Voorhees*, 26 Wis., 522.

The question then arises, whether there was any valid agreement for the extension of the time of payment of the moneys due upon the contracts, which would have the effect to release the surety.

By the original contracts, Royal S. Dale agreed to pay for all machines purchased, within ninety days from the date of such purchase, and the defendant guarantied the faithful performance of this condition. In April, when the accounting was had between Royal S. and the plaintiff, and the notes given, the purchase price of all machines sold was due, except for the two sold on the 13th of the previous January. At this time two promissory notes were executed and delivered by Royal S. : one for $456, dated January 1, 1873, payable *ten days from date;* and the other dated April 1, 1873, for $300, which was made payable thirty days from date. As far as regards the first note, there is no ground for saying that there was any extension of time of payment of that amount which was then due upon the contracts, or that the original remedy was suspended for an instant. For, by the express terms of the note, it was due and payable on the eleventh of the previous January, long before it was in fact executed. But in respect to the amount included in the second note, the time of payment was extended until the first of May. This, it seems to us, is apparent as well from the nature of the case as from the testimony of the plaintiff himself. He says the notes were taken in settlement of the accounts between him and Royal S.

Dale, and to establish the amount due. But he does not claim that as to $300 of the amount he did not extend credit during the currency of the instrument. Indeed the only possible inference to be drawn from the transaction is, that the parties did not intend that the $300 should be demanded until the note became due; in other words, that after accepting the note the plaintiff· had not the right to insist upon the payment of that amount until the first of May, and that his action upon the contracts was suspended until that time. The counsel for the plaintiff insists that the presumption is that the note was taken only as collateral to the indebtedness due upon the contracts, and that the original remedy was not suspended until the note became due. But this presumption cannot be made upon the evidence. The effect of the arrangement was to postpone the day of payment of $300 until the first of May, and the plaintiff had no right to call upon Royal S. Dale for the amount before that time. We think the case is distinguishable in its facts, and in the principles applicable to it, from that of *Paine v. Voorhees*. There we were satisfied that the plaintiffs might have brought their action at once on the bond and contract, notwithstanding they had accepted the notes, and that no extension of time of payment was in fact given. But here, as the time for the payment of $300 was extended beyond the period fixed by the condition of the original contracts, the surety as to that amount is released. "For the rule is well settled, that when, by a valid and binding agreement between the creditor and principal, without the consent of the surety, time is given the debtor which ties up the hands of the creditor, though it be for only a single day, the surety is discharged." *Fox v. Parker*, 44 Barb., 544; *Paine v. Voorhees, supra*.

It is claimed by the counsel for the defendant, that the evidence shows an agreement to extend the time to make all the payments, and that Royal S. Dale was not to pay the purchase price of the machines within ninety days, but as he made col-

lections for machines sold. Royal S. Dale testifies that there was some such verbal agreement when the contracts were entered into; but it is plain the written contracts control as to the real stipulation of the parties on this point. This rule of evidence is familiar, and requires no illustration or comment. The time for the payment of $300 was a subsequent arrangement, and of course might be shown by any competent testimony. It is not seriously claimed that the evidence failed to show a sufficient consideration to support this agreement to extend the time for the payment of that sum. The plaintiff received the order upon Nash for the machines and contracts in his possession which belonged to Royal S. Dale, which was a valuable consideration for the agreement to extend the time to pay the $300 beyond the period specified in the contracts sued upon.

It follows from these views that the judgment of the circuit court must be reversed, and the cause must be remanded with directions to give judgment for the plaintiff for the amount due on the contracts, less $300, which the surety is released from paying for the reasons stated.

*By the Court.* — It is so ordered.

RYAN, C. J., took no part in the decision of this cause.